## ARUNDEL CORPORATION v. UNITED STATES.

### No. 45947.

Court of Claims.

Nov. 5, 1945.

Plaintiff seeks to recover alleged overpayments of income taxes in the amounts of $1,869.71 for 1936 and of $436.51 for 1938. The amount of the overpayment, if any, for 1938 depends upon decision of the question presented as to whether the amount of net income of $12,649.40 was taxable in 1936, as defendant contends, or in 1935 as plaintiff contends.

The question presented is whether, under the facts, this item of net income was taxable under the accrual method of accounting in 1935 or 1936. It was received in 1936 as a result of a judgment of the trial court rendered in 1935, affirmed October 16, 1936, on appeal, for material furnished and work performed under a contract with the City of New York which was made and completed 1926.

## Special Findings of Fact

1. Plaintiff is a Maryland corporation with principal office and place of business at Baltimore. Its principal business is that of general contractor, including the mining of sand and gravel.

Its books of record, particularly for the calendar year 1926 and since that time, were kept upon the accrual basis. Its income and expenses were accrued therein according to standard accounting practice.

2. On May 14, 1937, plaintiff filed its completed income and excess profits tax return, under an extension theretofore granted, reporting thereon a total normal tax of $32,622.47 which was thereafter timely assessed. In addition to the payment of $10,000 on a tentative return filed March 15, 1937, plaintiff made further payments during 1937 of $6,311.24, June 15; $8,155.62, September 15; and $8,155.61, December 15; aggregating $32,622.47. This return was prepared upon the accrual basis.

Not included as part of the gross income reported upon this return, but included under a heading "Non-taxable income" in Schedule M thereto attached, was the following item:

(3) Income from contract earned in 1922 and 1923 recorded in 1936, $12,649.40.

3. Following an investigation of plaintiff's return and of its books and records for 1936, a Revenue Agent recommended an additional tax or deficiency of $2,750.10 which was based in part upon an inclusion in plaintiff's gross income of the item of $12,649.40 originally reported as non-taxable income as aforesaid. This item was shown to represent money received in 1936 as the result of a judgment obtained in a suit at law. It was itemized as follows:

| | | |
|---|---:|---:|
| Principal of verdict | | $11,058.04 |
| Interest from December 30, 1928 to | | |
| December 31, 1935 | $4,644.38 | |
| Interest in 1936 | 933.46 | |
| | | 5,577.84 |
| Court costs recovered | $ 315.87 | |
| Court costs paid out | 302.35 | |
| Excess of costs over amount paid out | | 13.52 |
| Total | | 16,649.40 |
| Less Lawyer's fees | | 4,000.00 |
| Amount included in 1936 income | | 12,649.40 |

4. January 25, 1940, plaintiff signed and filed a statutory consent in writing or waiver extending the period for assessment of any taxes for 1936, to and including June

30, 1941. This waiver was accepted and signed by the Commissioner January 27, 1940.

April 4, 1939, plaintiff signed and filed on Treasury Department Form 870 a waiver of restrictions on assessment and collection of deficiency in tax for 1936, showing income tax in the sum of $852.69. Plaintiff endorsed thereon in handwriting the following:

| | |
|---|---|
| Additional tax per report of agent.......... | $2,750.10 |
| Less tax on receipts from suit 15% of $12,-649.40 ........................................ | 1,897.41 |
| Amount agreed to ......................... | 852.69 |

An assessment was made May 5, 1939, of the agreed amount of $852.69, with interest of $105.82, aggregating $958.61 for 1936, which was paid as follows: April 10, 1939, $852.69; May 18, 1939, $105.82.

5. May 23, 1939, plaintiff filed a written protest contending that the amount of $7,058.04 ($11,058.04, the principal amount of the judgment, less lawyer's fees of $4,000) was not income in 1936 but "rather in 1926 when it accrued" and further that the interest item of $5,577.84 was taxable only to the extent that such income applied to 1936.

6. February 16, 1940, plaintiff filed a formal claim for refund of $2,120.58 for 1936 wherein it set forth as grounds and reasons the following:

"Unemployment and gross receipts taxes in amount of $14,137.30 accrued in 1936 were deducted in 1937 and 1938 when paid; revenue agent who examined the returns for 1937 and 1938 disallowed the deduction then taken. The taxpayer now claims them as deduction in 1936.

"See also revenue agent's supplementary report dated November 14, 1939. Taxpayer has protested addition of $12,649.40 to taxable income in revenue agent's original report."

7. March 17, 1941, plaintiff executed and filed another formal claim for refund for 1936 in the amount of $498.45, stating as grounds and reasons the following:

| | | |
|---|---|---|
| Deduction not taken in return, legal fees.. | | $4,000.00 |
| Less income not reported: | | |
| Court costs recovered .............. | $ 13.52 | |
| Interest received .................. | 663.48 | |
| | | 677.00 |
| | | $3,323.00 |

The aforesaid amounts pertained to the judgment hereinabove referred to, the net amount of which was reported in the 1936 return as nontaxable income.

But this claim of March 17 had no connection with the question of whether the tax on the net judgment of $12,649.90 was due for 1935 or 1936. At that time the tax of $1,869.71 on the principal and interest of the judgment had not been determined, assessed, or collected by the Commissioner. Such tax was never assessed and it was collected by the process of an offset, as hereinafter mentioned, against an overpayment found by the Commissioner to be due on account of the deduction of $14,137.30 claimed in the refund claim of February 16, 1940, of which action the Commissioner notified plaintiff on May 8, 1941.

8. March 17, 1941, plaintiff also executed and filed a formal claim for refund of $436.51 for the calendar year 1938, stating as grounds and reasons the following:

"The taxpayer has claims pending before the Treasury Department for a reduction of taxable income for the year 1936 in the amount of $17,460.30. These claims, if allowed, will increase the dividend carry-over of that year, through 1937, into 1938 and reduce the surtax on undistributed profits in the amount of $436.51. (2½%, Sec. 13(c) (2) (B), 1938 Revenue Act, 26 U.S.C.A. Int.Rev.Acts, page 1005.)"

Plaintiff's return for 1938 was filed March 15, 1939, and its last payment of tax assessed thereon was made February 14, 1941, in the amount of $28,234.32.

9. The claim for refund for 1936 which plaintiff filed on February 16, 1940, was allowed by the Commissioner of Internal Revenue as to the item of $14,137.30, representing a deduction from gross income for 1936, and was disallowed to the extent of the tax due on the item of income of $12,649.40 mentioned in the claim by referring to the protest to the proposed tax of $1,869.71 on this item. The Commissioner simultaneously with his decision allowing the deduction of $14,137.30 denied plaintiff's protest against the inclusion of the above mentioned item of $12,649.40 in its gross income for 1936. The allowance of the first item and the disallowance of the second item resulted in a determined overassessment of $223.17 in tax and $27.70 in interest for which a certificate of overassessment was issued. These overassessments were determined to be overpayments and the aggregate sum thereof, $250.87, with accrued statutory interest thereon,

$29.34, was paid to the plaintiff by Treasury check during May 1941.

10. .Plaintiff's claim for refund filed February 16, 1940, for 1936, was disallowed and rejected as to the balance not covered in this certificate of overassessment and plaintiff was so notified by registered letter dated May 8, 1941, from the Commissioner of Internal Revenue. The petition herein based on this action of the Commissioner on the refund claim of February 16, 1940, was filed September 3, 1943.

11. The two claims for refund which plaintiff filed March 17, 1941, in the amounts of $498.45 for 1936 and $436.51 for 1938, were disallowed and rejected in full and plaintiff was so notified by registered letter dated September 12, 1941, from the Commissioner of Internal Revenue.

12. The controverted item of $12,649.40, hereinbefore mentioned, represents money which plaintiff received in 1936 as the net proceeds of a judgment in a suit that it instituted on or about June 27, 1929, against the City of New York. Plaintiff's claim in that suit arose under a written contract to furnish services and material. Plaintiff's work was completed under that contract in 1926. A decision in plaintiff's favor in the principal sum of $11,058.04, with interest thereon from December 30, 1928, was entered by the trial court September 7, 1935. The defendant below, City of New York, perfected an appeal therefrom on September 20, 1935. The judgment of the lower court was affirmed, without opinion, on October 16, 1936. 248 App.Div. 862, 291 N.Y.S. 169. Copies of the court decision and of plaintiff's contract are in evidence as Joint Exhibits A and B, respectively.

The item of $12,649.40 was not accrued upon plaintiff's books in the year 1926 or at any other time until it was paid to the plaintiff in 1936. This item was not included upon plaintiff's federal return of taxable income for the calendar year 1926, or upon its return for any other taxable period, except for 1936, as above indicated. No tax thereon has ever been paid to defendant, except as hereinbefore stated and as an adjustment in determining plaintiff's correct tax liability for 1936, in connection with the claim for refund of February 16, 1940.

13. The parties agree that the exclusion of the item of $12,649.40 from plaintiff's gross income for 1936 will affect the surtax upon undistributed profits in its income and excess profits tax return for 1938.

The amount of that claimed reduction, if any, cannot be determined until it be established whether the item of $12,649.40, or any part thereof, has been correctly included in plaintiff's taxable income for 1936.

Wm. S. Hammers, of Washington, D. C., for plaintiff.

John A. Rus, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for defendant.

Before WHALEY, Chief Justice, LITTLETON, WHITAKER, MADDEN, and JONES, Judges.

LITTLETON, Judge.

Although we are of opinion on the facts and under the decided cases that the controverted item in the net amount of $12,-649.40 was taxable income for 1936 under the accrual method of accounting, it is not necessary to discuss in this connection the facts and the decided cases for the reason that the facts show the suit was barred by the statute of limitation of two years at the time the petition was filed.

During 1926 plaintiff made and performed a contract with the City of New York. Upon completion, a controversy arose between the parties as to the number of cubic yards of sand for which plaintiff should be paid under the contract at the agreed rate of fifty-eight and four-tenths cents a cubic yard. It was admitted that plaintiff had furnished 118,935 cubic yards but the city contended and the engineer who was given authority to decide held that 94,500 cubic yards, or 5 percent more than the contract estimated quantity, was all that was required and permitted by the contract to be paid. The controversy continued and plaintiff brought suit in June 1929. The trial court rendered a decision on September 7, 1935, in plaintiff's favor for the principal sum of $11,058.04, with interest from December 30, 1928, the opinion concluding with the following provision: "Thirty days' stay and sixty days to make a case." The City appealed and the decision of the trial court was affirmed October 16, 1936, and the judgment and interest was thereafter paid during that year. No portion of the total amount received was ever reported by plaintiff for income tax purposes and no tax was ever paid on the net amount of $12,649.40 thereof until the decision of the Commissioner in May 1941 holding that it

was taxable income for 1936 and that a tax of $1,869.71 was due thereon for that year. Plaintiff did, however, disclose in its 1936 return the receipt of the net amount of $12,649.40 and claimed that it was taxable in prior years.

In a claim for refund filed February 16, 1940, plaintiff claimed an overpayment and refund for 1936 based on an additional deduction in that year of $14,137.30 which had erroneously been taken in 1937 and 1938, and in this claim called specific attention to its written protest against the proposed assessment of an additional tax for 1936 on the net judgment item of $12,649.40. In May 1941 the Commissioner of Internal Revenue allowed the deduction of $14,137.-30 for 1936, and the overpayment resulting therefrom, but reduced the amount refundable by offsetting against it the tax of $1,-869.71 determined by him at that time to be due for 1936 on the judgment item mentioned. He, therefore, by the offset, collected the tax in question at that time and so advised plaintiff, and he also notified it on May 8, 1941, as required by the statute, that this claim for refund, except as to the amount of $250.87 ($223.17 tax and $27.70 interest collected), was disallowed and rejected. As a result of that action and that notice, and the rejection of the claim for refund of March 17, 1941, for 1937 and 1938, this suit was instituted on September 3, 1943, more than two years after notice of May 8, 1941 as to the year 1936 (see sec. 1103, Revenue Act of 1932, 26 U.S.C.A. Int.Rev.Acts, page 652). The suit as to the year 1936 was therefore barred when the petition was filed.

In these circumstances we need not discuss the question whether, under the statute, plaintiff was required as a condition to bring suit to file a claim for refund of the additional tax of $1,869.71 after it was collected for 1936 by the offset made in May 1941.

The claim for refund of $498.45 for 1936 filed by plaintiff on March 17, 1941, and rejected September 12, 1941, does not help plaintiff on the jurisdictional question. That claim related only to a net deduction of $3,323 for 1936 for attorneys fees paid in that year in connection with the net judgment of $12,649.40, mentioned in the claim of February 16, 1940. The Commissioner allowed that deduction in determining and collecting by offset the additional

tax of $1,869.71 in May 1941. The item covered by the refund claim for 1936 of March 17, 1941, is therefore not in question in this suit. Since plaintiff is not entitled to recover for 1936, no overpayment results for 1938. See finding 13.

Plaintiff is not entitled to recover and the petition is dismissed. It is so ordered.

WHITAKER, Judge, and WHALEY, Chief Justice, concur.

MADDEN and JONES, Judges, took no part in the decision of this case.